**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | | |
|---|---|---|
| FRANKIE KAREN WASHINGTON,<br>Petitioner,<br>v.<br>GWENDOLYN MITCHELL, Warden,<br>Respondent. | ) | No. CV 12-7808-GHK (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF SUCCESSIVE PETITION** |

By way of background, on November 25, 2003, petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (the "2003 Petition") in this Court (Case No. CV 03-8544-GHK (PLA)), in which she challenged her 2002 conviction in the Los Angeles County Superior Court. (See Case No. CV 03-8544-GHK (PLA), Final Report and Recommendation at 2). The 2003 Petition was dismissed without prejudice on August 30, 2004, under Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1991), and for failure to exhaust state judicial remedies. (See Case No. CV 03-8544-GHK (PLA), Final Report and Recommendation; Order Adopting Magistrate Judge's Final Report and Recommendation; Judgment).

Thereafter, on January 9, 2006, petitioner filed a second habeas petition in this Court (the "2006 Petition"), in Case No. CV 06-156-GHK (PLA), in which she also challenged her 2002

conviction. (See Case No. CV 06-156-GHK (PLA), Final Report and Recommendation at 2). The 2006 Petition was dismissed on the merits with prejudice pursuant to the Judgment entered on December 22, 2008. (See Case No. CV 06-156-GHK (PLA), Judgment).

On July 23, 2012, in Case No. CV 03-8544-GHK (PLA), petitioner filed a "Motion [t]o Reinstate [o]r Re[]open [t]he Case," which was denied without prejudice by the Court on August 7, 2012. (See Case No. CV 03-8544-GHK (PLA), Docket Nos. 97-98). On September 5, 2012, petitioner filed a "Motion of Objection to Court[']s [D]ismissal of Motion [t]o Reopen [the] Case," and attached a newly-completed Petition for Writ of Habeas Corpus (the "Petition"), dated August 27, 2012, which again challenged petitioner's 2002 conviction.[1] (See Case No. CV 03-8544-GHK (PLA), Docket No. 99 & attached Petition at 1). On September 7, 2012, the Court denied petitioner's September 5, 2012, motion (which the Court construed as a Motion for Reconsideration of its August 7, 2012, Order), but ordered that the Petition be filed and assigned a new case number, which resulted in the instant action. (See Case No. CV 03-8544-GHK (PLA), Docket No. 100). On November 16, 2012, respondent filed a "Motion to Vacate Order Requiring Response to [the] Petition" (the "Motion to Vacate"), which requests that the Court dismiss the Petition without prejudice because petitioner has a prior federal habeas petition that was dismissed with prejudice, and petitioner has not obtained permission from the Ninth Circuit to file a successive petition.

A federal habeas petition is successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam), cert. denied, 538 U.S. 984, 123 S.Ct. 1793 (2003). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

---

[1] While the Petition states that petitioner is challenging therein a conviction dated February 21, 2003, it also states that she is challenging her conviction in Los Angeles County Superior Court case number BA227607 (see Petition at 1), which is the same conviction she challenged in her 2006 Petition. (See Lodged Doc. 4 at 2).

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In her 2006 federal habeas challenge, petitioner raised the following claims: (1) the dismissal and refiling of new charges against petitioner violated her constitutional rights; (2) the dismissal and refiling of new charges against petitioner amounted to prosecutorial vindictiveness or prosecutorial misconduct; (3) petitioner's constitutional rights were violated when the California Court of Appeal ordered her petitions for collateral relief to be heard concurrently with her appeal; and (4) appellate counsel was incompetent because she did not properly present petitioner's prosecutorial misconduct claim. (See Case No. CV 06-156-GHK (PLA), Final Report and Recommendation at 12). As mentioned above, the 2006 Petition was dismissed on the merits with prejudice. (See Case No.CV 06-156-GHK (PLA), Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on December 22, 2008). Petitioner's subsequent requests for a certificate of appealability were denied by the District Judge on April 9, 2009, and by the Ninth Circuit on December 21, 2009.

In the instant Petition, petitioner sets forth the following grounds for relief: (1) the "or[]iginal prosecutor" assigned to petitioner's case was allowed to prosecute petitioner despite having been charged with fraud, which violated petitioner's right to a speedy trial and right to a fair trial; (2) petitioner "was denied a trial ... in [her] or[]iginal case ... [because] the trial was dropped" after 11 jurors had already been selected, violating petitioner's right to due process and right to a speedy

trial; (3) ineffective assistance of trial counsel; (4) both the trial judge assigned to petitioner's original case and the trial judge assigned to petitioner's refiled case committed judicial misconduct; and (5) counsel failed to inform the trial court that a hearing should be held regarding petitioner's mental state before trial, which violated petitioner's right to due process. (See Petition at 6-9a).

Because the claims in the instant Petition could have been adjudicated on the merits in the 2006 Petition (which was denied on the merits), the instant Petition appears to be a second or successive application. However, even if petitioner's claims in the instant Petition satisfied the AEDPA standards for filing a successive petition (although it does not appear that they satisfy 28 U.S.C. § 2244(b)(2)(A) or (B)), she nevertheless is required to first seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication that petitioner has obtained such permission from the Ninth Circuit. See Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition). It therefore appears that the Court is without jurisdiction to entertain the current Petition under 28 U.S.C. § 2244(b). See id.; Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'") (citation omitted).

/

/

/

/

/

/

/

/

/

/

/

Accordingly, petitioner is **ordered to show cause** why respondent's Motion to Vacate should not be granted, and why the instant Petition should not be dismissed as successive. Specifically, **no later than December 12, 2012**, petitioner must: (a) inform the Court why the instant Petition is not second or successive, or (b) submit to the Court documentation showing that, pursuant to 28 U.S.C. § 2244(b)(3)(A), she properly filed a motion in the Ninth Circuit for an order authorizing the district court to consider a successive petition, and that the Ninth Circuit issued such an order. **Failure to respond by December 12, 2012, will result in the instant Petition being summarily dismissed without prejudice.**[2] See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).[3]

**IT IS SO ORDERED.**

DATED: November 21, 2012

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE

[2] In the event that petitioner has not complied with 28 U.S.C. § 2244(b)(3)(A), she is advised that if she wishes to make a successive habeas application, she must file a "Motion for Order Authorizing District Court to Consider Second or Successive Petition Pursuant to 28 U.S.C. § 2244(b)(3)(A)" directly with the Ninth Circuit. Until the Ninth Circuit issues such an order, any direct or implied request for a second or successive petition for writ of habeas corpus is barred by § 2244(b) and must be dismissed **without prejudice** to petitioner's right to seek authorization from the Ninth Circuit to file the petition.

[3] Petitioner's "Motion for Extension of Time to File [First] Amended Writ," received by the Court on November 19, 2012, is **denied**.